SAMANTHA WELBORN,
    Plaintiff,

v.

SIGNATURE AVIATION USA, LLC., D/B/A
SIGNATURE TECHNICAIR-INT;
SIGNATURE FLIGHT SUPPORT LLC.
D/B/A SIGNATURE TECHNICAIR-INT;
SIGNATURE FLIGHT SUPPORT
HOLDINGS CO., LLC. D/B/A SIGNATURE
TECHNICAIR-INT; SIGNATURE FLIGHT
SUPPORT ACQUISITION CO., LLC D/B/A
SIGNATURE TECHNICAIR-INT;

**PLAINTIFF SAMANTHA WELBORN'S COMPLAINT**
(Jury Trial Demanded)

NOW COMES Plaintiff Samantha Welborn, ("Plaintiff" "Welborn") complaining of the defendants Signature Aviation USA, LLC., d/b/a Signature TechnicAir-Int; Signature Flight Support LLC. d/b/a Signature TechnicAir-Int; Signature Flight Support Holdings Co., LLC. d/b/a Signature TechnicAir-Int; Signature Flight Support Acquisition Co., LLC d/b/a Signature TechnicAir-Int ("Signature") as follows:

## PARTIES

1. Plaintiff Samantha is a resident of Yadkin County who on 1 June 2021 was a flight instructor for Piedmont Flight, Inc. who provided flight instruction to Michael Thomas Turner, II ("decedent") in the Beech Model A23 aircraft, s/nM-564 (N8780M) which was registered and owned by Michael T. Turner, the decedent's father.

2. Defendants Signature Aviation USA, LLC., d/b/a Signature TechnicAir-Int; Signature Flight Support LLC. d/b/a Signature TechnicAir-Int; Signature Flight Support Holdings Co., LLC. d/b/a Signature TechnicAir-Int; Signature Flight Support Acquisition Co., LLC d/b/a Signature TechnicAir-Int; Signature are a multi-national corporation with a

facility known as a fixed base operator (FBO) operating in Winston-Salem, North Carolina at the Winston-Salem airport with the FAA designation KINT.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction over this action is conferred upon and vested in this Court under N.C. Gen. Stat. § 7A-240 and N.C.G.S. § 7A-243.

4. This Court has personal jurisdiction over the defendant pursuant to N.C. Gen. Stat. § 1-75.4.

5. Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-82.

## FACTS

6. On 1 June 2021, the relevant aircraft took an off-airport landing, resulting in severe bodily injury to Welborn, and the death of Michael Thomas Turner, II ("decedent"), the son of Michael T. Turner.

7. Michael T. Turner is/was, at all times relevant, the owner of said aircraft, a 1964 Beech A23, tail number N8780M ("aircraft").

8. The aircraft in question had a four-cylinder engine, which means it should have been burning fuel at a rate of approximately ten (10) to twelve (12) gallons per hour.

9. However, post-flight data indicates that the engine was burning fuel at a rate of fourteen (14) to fifteen (15) gallons per hour, an excessively high rate for a four-cylinder engine, and an indication that the aircraft generally, and the fuel-related aspects of the aircraft specifically, were not functioning properly, all of which was unknown to Welborn, but should have been known to defendant Signature.

10. On the day of the accident, Plaintiff executed a proper and correct emergency off-field landing, following an in-flight loss of power.

11. On the day of the accident, multiple instances existed that caused the subject aircraft's powerplant (Continental IO-346 engine) and fuel system to be in an unairworthy and unsafe condition, to include but not limited to:

    a. On or about 19 March 2021, Signature TECHNICAIR- INT (Wayne) *"determined engine flammable fluid carry hoses unsafe, replaced engine flammable fluid carrying hoses with new hose."* Unfortunately, Signature TECHNICAIR- INT did not replace all of the "unsafe" and unairworthy fuel lines. At an 8 January 2024 inspection of the aircraft, it was discovered the original (old and deteriorated) subject fuel lines were still installed in the wing root area.

    b. The fuel pump drive coupling was in an unairworthy condition.

    c. The throttle control arm was installed contrary to Continental Service SB08-3A.

    d. The right-tank fuel quantity sender unit was corroded and inoperable.

    e. The left-wing tank fuel pickup tube and filter was not installed.

    f. The right-wing fuel pickup tube was installed incorrectly. The fuel pickup tube was orientated in a "vertical" versus "horizontal" position. The improperly installed pickup tube would have rendered the bottom 2.5 inches of fuel in the right tank inaccessible (unusable) during flight.

12. Ms. Welborn was not responsible for the maintenance of the subject aircraft.

13. On the day of the accident, Ms. Welborn would not have been aware of, or could have known about, the hidden defects/conditions in the subject aircraft's powerplant and fuel system which rendered the systems unairworthy and unsafe.

3

14. On the day of the accident, the most likely cause of the in-flight loss of engine power was the improperly installed fuel pickup tube on the right-side wing fuel tank, which prevented the full utilization of fuel available in the right-side wing tank because:
    a. The impact forces would not have altered the position of the fuel pickup tube inside the right-side wing tank. The pickup tube is connected to a bulkhead fitting that did not move as a result of the impact.
    b. The impact forces severed the right-side wing tank aluminum fuel line connecting the wing tank to the fuselage through the wing root area. The severing of this line most likely allowed for the liberation of any fuel in the right-wing tank that was present before impact.
15. On the day of the accident, there is no evidence that Ms. Welborn failed to properly manage the available fuel in the subject aircraft and/or caused the subject engine to lose power.
16. On the day of the accident, there is no evidence that Ms. Welborn failed to respond properly to the in-flight emergency, loss of engine power, and subsequent off-field landing.
17. There is no evidence that Ms. Welborn contributed to or caused this accident.
18. Due to the subject aircraft's state of disrepair, and defective maintenance, the subject aircraft was an accident waiting to happen.
19. The proximate cause of the accident was defendant Signature's failure to install the right fuel pickup tube correctly resulting in rendering available fuel unusable in the subject aircraft resulting in the aircraft being non-airworthy and in an un-safe condition.

4

20. Plaintiff Welborn suffered physical damage to her body, psychological and emotional damage, severe injuries, severe disfigurement, permanent injury, permanent disfigurement, loss of past wages, loss of future wages, mental anguish, pain, and suffering, all in excess of $25,000.

## FIRST CLAIM FOR RELIEF
(Negligence/Gross Negligence)

21. The allegations contained in all above paragraphs of this Complaint are realleged and incorporated herein by reference as if fully set forth.

22. Signature had a duty to inspect, maintain, repair, and otherwise ensure that his aircraft was safe for flight, i.e. airworthy.

23. Signature breached the aforementioned duties by failing to ensure that the aircraft generally, and the fuel tanks, mechanisms to deliver fuel from the tanks to the engine, the engine, the fuel sender, and/or other such parts, elements, and mechanisms of the aircraft specifically, were correctly functioning such that the aircraft would be safe for flight when performing its maintenance on the aircraft in 2021.

24. Signature was otherwise careless, reckless and/or grossly negligent in the repairs performed on the aircraft.

25. Signature's negligence constitutes a breach of the applicable standard of care.

26. As a direct and proximate result of the negligence of Signature, Welborn suffered physical damage to her body, psychological and emotional damage, severe injury, severe disfigurement, permanent injury, permanent disfigurement, loss of past wages, loss of future wages, mental anguish, pain, and suffering.

27. Welborn is entitled to recover damages from Signature in excess of $25,000.

**WHEREFORE**, Samantha Welborn, as Plaintiff respectfully prays the Court as follows:

1. That Plaintiff recover against Defendant Signature an amount in excess of $25,000;

2. For a trial by jury on all issues so triable;

3. For such other and further relief as this Court may deem just and proper.

This the 31st day of May 2024.

                                      **RANDOLPH M. JAMES, P.C.**

                                      Randolph M. James, N.C. Bar #10,000
                                      *Attorney for Plaintiff Samantha Welborn*
                                      P.O. Box 20069
                                      Winston-Salem, NC 27120
                                      Telephone: (336) 724-7707
                                      Facsimile: (336) 724-9722
                                      E-Mail: rmjames@rmjameslaw.com